IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN OF TEXAS
HOUSTON DIVISION

JANICE SMITH,

    Plaintiff,

v.                                             C.A. No.:    4:17-cv-61

ALTERNATE OPTIONS, INC., and
BERNADETTE MARIE JOHNSON,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JANICE SMITH, (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, hereby sues Defendants, ALTERNATE OPTIONS, INC., and BERNADETTE MARIE JOHNSON (hereinafter sometimes referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1.     This is an action by Plaintiff against her employer for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3.   Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work for Defendant and incurred unpaid overtime wages while working in Harris County, Texas.

## THE PARTIES

4.   Plaintiff is an individual residing in Richmond, Texas.

5.   Plaintiff was been employed by Defendant from approximately 2009 to August 15, 2015, as a "Direct Care Staff."   Some of Plaintiff's principle duties were to provide health care, cleaning and cooking services to Defendant's clients.

6.   Defendant, ALTERNATE OPTIONS, INC., is a home healthcare provider licensed under the laws of the State of Texas and operates an office in Harris County, Texas.   Defendant owns and operates a Home and Community Based Services (HCS) Program as that term is defined under the Texas Administrative Code (TAC), Title 40, Part I § 9 Subchapter D.

### COUNT I UNPAID OVERTIME UNDER THE FLSA

7.   Plaintiff re-alleges and incorporates herein paragraphs 1-6, *supra*.

8.   Defendant, BERNADETTE MARIE JOHNSON, is an individual believed to be residing in Harris County, Texas, and at all times material to this claim was substantially in control of the terms and conditions of the Plaintiff's work;

therefore, is also Plaintiff's employers under the FLSA.

9. Defendants, ALTERNATE OPTIONS, INC., and BERNADETTE MARIE JOHNSON, were the employer of the Plaintiff as defined by 29 U.S.C. §203(d).

7. At all times material to this complaint, Defendant, ALTERNATE OPTIONS, INC., had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

8. At all times material to this complaint, Defendant, ALTERNATE OPTIONS, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

9. At all times material to this complaint, Defendant, ALTERNATE OPTIONS, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

10. At all times material hereto Plaintiff and Defendants collectively engaged in interstate commerce through the support functions they provided to members of the health care industry.

11. Additionally, Plaintiff performed work utilizing the channels of interstate commerce such as interstate telephone calls, facsimiles and the use of the internet to contact persons or entities outside of the state of Texas.

12. At all times material to this Complaint, Defendants were the employer of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

13. Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a workweek.

14. Plaintiff worked an average of approximately fifteen (15) to twenty (20) overtime hours per week during each week of her employment with Defendants.

15. Defendants paid Plaintiff a rate of $10.00 per hour, but did not include any pay for work in excess of 40 hour per workweek as required by the FLSA.

16. Defendants used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiff the correct amount overtime wages due to her as required by the Fair Labor Standards Act.

17. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as an employer under the FLSA.

18. Defendants acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. §

216(b).

19. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

21. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, JANICE SMITH demands Judgment against Defendants, ALTERNATE OPTIONS, INC., and BERNADETTE MARIE JOHNSON, jointly and severally, for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, JANICE SMITH, demands a jury trial on all issues so triable.

Page 6 of 6

Respectfully submitted, January 10, 2017.

                **ROSS LAW GROUP**

                /s/*Thomas H. Padgett, Jr.*
                **THOMAS H. PADGETT, JR.**
                Texas Bar No. 15405420
                Fed. ID:   11554
                Attorney-in-Charge
                4809 Pine St.
                Bellaire, Texas 77401
                Ph:   832-335-9134
                Ph:   512-474-7677
                Fax: 512-4745306
                tpadgett@rosslawgroup.com

                **CHARLES L. SCALISE**
                Texas Bar No. 24064621
                **DANIEL B. ROSS**
                Texas Bar No. 00789810
                1104 San Antonio St.
                Austin, Texas 78701
                **ATTORNEYS FOR PLAINTIFFS**